Jon S. Dawson
Garrett C. Parks
DAVIS WRIGHT TREMAINE LLP
188 W. Northern Lights, Blvd., Suite 1100
Anchorage, Alaska 99503-3985
Telephone: 907-257-5300
Facsimile: 907-257-5399

Attorneys for Citicorp Credit Services, Inc. (USA)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CITICORP CREDIT SERVICES, INC. (USA), | )<br>)<br>) |
| Plaintiff, | ) Case No. _____ |
| v. | )<br>) |
| ALASKA LAW OFFICES, INC., | )<br>) |
| Defendant. | )<br>) |

## **COMPLAINT**

Plaintiff Citicorp Credit Services, Inc., (USA) ("Plaintiff" or "CCSI"), alleges as follows:

### **PARTIES AND JURISDICTION**

1. CCSI is a Delaware corporation with a principal place of business in Florida.

2. Alaska Law Offices, Inc. is an Alaska corporation with a principal place of business at 240 East Tudor Road, Anchorage, Alaska 99508.

3. Clayton Walker, Jr. is a resident of the State of Alaska. Walker is a licensed attorney, a member of the Alaska bar, and the sole owner of Alaska Law Offices, Inc.

4. Complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.00, giving this Court jurisdiction under 28 U.S.C. §1332.

## FACTS

5. During the last several years and as of the filing of this complaint, Alaska Law Offices, Inc., and Walker (collectively, "ALO") have had an attorney-client relationship with CCSI and/or its parent, Citibank, N.A., successor in interest to Citibank (South Dakota), N.A., and other affiliates (collectively, "Citi").

6. ALO currently represents Citi as it relates to 380 delinquent customer accounts (the "Accounts"). The Accounts are owned by Citi and are the property of Citi.

7. CCSI and ALO are parties to an "ATTORNEY COLLECTION SERVICES MASTER AGREEMENT" that includes certain "Citi Work Standards" (collectively, the "Agreement"). CCSI entered into the Agreement with ALO for the benefit of Citi.

8. Under the Agreement, ALO performs legal services in connection with collecting the Accounts ("Legal Services"), for which Citi pays ALO a contingent fee of 19% of the sum of the gross debt collected, excluding reimbursed court costs.

9. ALO has been paid thousands of dollars for services in connection with the 380 Accounts.

**Davis Wright Tremaine LLP**
LAW OFFICES
188 West Northern Lights Blvd #1100
Anchorage, Alaska 99503
(907) 257-5300 · Fax: (907) 257-5399

10. The Agreement states: "Notwithstanding any other section or provision of the Agreement, Citi may recall or transfer to another law firm (collectively referred to as the "Recall") any or all Accounts for any reason, including those reduced to judgment, whether or not payments are being made on the Account."

11. The Agreement states: "All Customer Data, files and Accounts are the property of Client [Citi] and/or Citi Affiliates and that Law Firm [ALO] shall return to Citi or its designated representatives all such Customer Data within seven (7) business days of written notification of Recall ('Recall Notification')."

12. The Agreement states: "Law Firm shall fully cooperate in the Recall, shall do all things necessary to carry out the Recall, and shall be responsible and pay for any costs associated with the Recall."

13. The Agreement states: "In addition to returning Customer Data, within seven (7) business days of the Recall Notification, for each recalled account, Law Firm shall provide to Citi or to Citi's designated representative the following information and documents:

(i) the physical files related to the Accounts;

(ii) copies of all pleadings filed in any litigation relating to the Account, including copies of all orders and judgments, if any, related to the accounts;

(iii) copies of the abstracts or any other documents reflecting judgment liens with respect to the Accounts;

COMPLAINT - 3 -
*Citicorp Credit Services, Inc. (USA) v. Alaska Law Offices, Inc.*, Case No. _____

(iv) Law Firm's ledger sheets or print outs of all financial information related to the Accounts, such as judgment amounts, payments, interest, costs, attorneys' fees, etc.;

(v) the names, addresses and telephone numbers of the customer's attorneys, if any; and

(vi) notification of pending dates or deadlines with respect to the Accounts."

(The Customer data, files, pleadings, papers, and information required to be provided by ALO following receipt of the Recall Notification are hereinafter referred to as "Account Information.")

14. The Agreement states: "Upon the sending (electronic or other means) of the Recall Notification, Law Firm shall not be entitled to any fees, claims for payments, unjust enrichment claims or any other compensation claims including, without limitation, the contingent fee set forth in the Attorney Agreement."

15. The Agreement states: "[A]ll disputes and matters arising under, in connection with, or incident to this Agreement shall be governed by, and construed in accordance with, the laws of the State of Texas, without regard to its principles of conflict of laws."

Davis Wright Tremaine LLP
LAW OFFICES
188 West Northern Lights Blvd #1100
Anchorage, Alaska 99503
(907) 257-5300 · Fax: (907) 257-5399

16. Citi maintains offices in Texas. Citi's Default Legal Services division, which audits collection firms such as ALO and assists in their management, is located in Texas.

17. On March 28, 2013, ALO was sent a Recall Notification, which informed ALO of the recall of all Accounts. A copy of the Recall Notification is attached as Exhibit 1.

18. The Recall Notification requested that, within seven (7) business days, ALO provide the Account Information.

19. ALO did not comply with the Recall Notification.

20. Rather than comply with the Recall Notification, ALO responded on April 11, 2013 by demanding that Citi pay ALO $375,418.30 before ALO would release the Account Information. A copy of ALO's response is attached as Exhibit 2. ALO made such demand despite the fact that its response acknowledges that, under the Agreement, ALO is not entitled to payment of any further attorneys' fees.

21. ALO also threatened—contrary to CCSI's rights under the Agreement, and contrary to Texas law—that if Citi refused to agree to ALO's terms, it would immediately file statutory attorneys' fees liens under Alaska Statute 34.35.430 in each of the Citi Account cases pending in the Alaska court system. ALO made such threat despite the fact that its response acknowledges that the Agreement is governed by Texas law.

COMPLAINT - 5 -
*Citicorp Credit Services, Inc. (USA) v. Alaska Law Offices, Inc.*, Case No. _____

22. ALO further demanded—contrary to the express terms of the Agreement—that Citi pay the cost of reproducing the Account Information as a condition of returning it to Citi.

23. ALO's refusal to return Citi's property is a breach of ethical and fiduciary duties owed by ALO and Walker to Citi.

24. ALO's refusal to return the Account Information is highly prejudicial to Citi and its consumer debtors. Citi is required by law to accurately account to its consumer debtors for payments made by those debtors on their accounts. By wrongfully withholding the Account Information, ALO is creating an accounting nightmare for Citi because Citi cannot be sure of the accuracy of payments received. ALO is also prejudicing Citi's ability to pursue the litigation related to the Accounts and to monitor the status of the Accounts pending in the Alaska court system.

25. If ALO does not provide the Account Information, Citi and Citi customers will suffer immediate and irreparable harm for which there is no adequate remedy at law. Specifically, if the Account Information is not immediately provided to Citi:

    (a) Account information may be inaccurate and could cause inaccurate credit reporting to consumer credit reporting agencies, thereby adversely affecting Citi customers;

    (b) Citi customers will also be harmed if any payments received on their Accounts are not properly credited;

(c) Citi cannot properly and/or quickly transition the Accounts to new counsel without the Account Information thereby preventing the transition and/or making the transition fraught with risk of errors;

(d) Citi cannot substitute in new counsel without having that Account Information to file substitutions with the various Alaska courts; and

(e) Citi and its new counsel cannot properly appear before Alaska courts where collection cases relating to the Accounts are pending without the Account Information since doing so will create the risk of not being able to be accurate and truthful to the courts.

24. The immediate and irreparable harm to Citi and its customers cannot adequately be remedied by money damages.

## Count I: Declaratory Relief

25. CCSI incorporates the previous paragraphs as if set forth in their entirety.

26. CCSI is entitled to a declaratory judgment as to its rights and obligations under the Agreement, as to the effect of ALO's claim for additional compensation and declaratory judgment that it has no liability to ALO for any additional compensation under the Agreement.

27. CCSI is entitled to a declaratory judgment as to its rights under the Agreement and as to the effect of ALO's refusal to provide the Account Information.

CCSI is entitled to a declaratory judgment that ALO is obligated to immediately provide the Account Information to Citi, all costs of returning the same to be paid by ALO.

28. CCSI is entitled to a declaratory judgment as to its rights under the Agreement and as to the effect of any notices of lien ALO files in Alaska and as to the effect of ALO's claim to fees in such cases. CCSI is entitled to a declaratory judgment that any notices of lien are void and have no legal effect.

## Count II: Breach of Contract

29. CCSI incorporates the previous paragraphs as if set forth in their entirety.

30. CCSI and ALO are parties to the Agreement.

31. The Agreement provides that upon receipt of a Recall Notification, ALO is obligated to provide the Account Information within seven (7) business days.

32. ALO received a Recall Notification on March 28, 2013.

33. ALO has failed to provide the Account Information.

34. ALO has breached the Agreement by, among other things, failing, refusing or neglecting to comply with the Recall Notification.

35. CCSI has suffered damages as a result of ALO's breach of the Agreement.

## PRAYER FOR RELIEF

WHEREFORE, CCSI requests:

(1) That the Court issue a declaratory judgment regarding CCSI's rights and obligations under the Agreement to the effect that (a) CCSI and/or Citi owes ALO no

**Davis Wright Tremaine LLP**
LAW OFFICES
188 West Northern Lights Blvd #1100
Anchorage, Alaska 99503
(907) 257-5300 · Fax: (907) 257-5399

further compensation for Legal Services; (b) ALO is obligated to immediately provide the Account Information; and (c) that any notices of lien filed by ALO in any suits filed on the Accounts are void and have no legal effect;

(2) That ALO be ordered to immediately provide the Account Information, costs of doing so to be paid by ALO;

(3) That ALO be temporarily and permanently enjoined from asserting statutory liens on any judgments in any suits filed on the Accounts pending in the Alaska court system;

(4) That CCSI be awarded a judgment on its claim for breach of contract;

(5) That CCSI be awarded actual damages caused by ALO's wrongful acts, along with all of its attorneys' fees and costs; and

(6) That CCSI be awarded other equitable and legal relief as is just and proper under the circumstances.

Respectfully submitted this 26th day of April, 2013.

>    DAVIS WRIGHT TREMAINE LLP
>    Attorneys for Plaintiff Citicorp Credit
>    Services, Inc. (USA)
>
>    By:      */s/* Jon S. Dawson
>        Jon S. Dawson, ABA #8406022
>        DAVIS WRIGHT TREMAINE LLP
>        188 W. Northern Lights, Blvd., Suite 1100
>        Anchorage, Alaska  99503-3985
>        Telephone:  907-257-5300
>        Facsimile:  907-257-5399
>        Email:  jondawson@dwt.com

COMPLAINT   -  9  -
*Citicorp Credit Services, Inc. (USA) v. Alaska Law Offices, Inc.*, Case No. _____
DWT 21669988v6 0061257-000316

By: <u>     */s/* Garrett C. Parks          </u>
    Garrett C. Parks, ABA #1011086
    DAVIS WRIGHT TREMAINE LLP
    188 W. Northern Lights, Blvd., Suite 1100
    Anchorage, Alaska 99503-3985
    Telephone: 907-257-5300
    Facsimile: 907-257-5399
    Email: garrettparks@dwt.com

**Davis Wright Tremaine LLP**
LAW OFFICES
188 West Northern Lights Blvd #1100
Anchorage, Alaska 99503
(907) 257-5300 · Fax: (907) 257-5399